UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRECI VIZCAINO MEJIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-714-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Freci Vizcaino Mejia, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Mejia is a Dominican national who was admitted into the United States as a lawful permanent resident in 2006. ECF 7-1 at 6. He has a lengthy criminal history including two convictions for criminal facilitation under NY Penal Law 115.00, one conviction for petit larceny, and pending charges for burglary, assault in the second degree with a weapon, unlawful imprisonment, and an act in manner to injure a child. *Id.* at 3-4. On January 20, 2026, he was arrested inside of a courthouse by agents of United States Immigration and Customs Enforcement (ICE). *Id.* at 2-5. The "Encounter Details" indicate he was arrested pursuant to a warrant (*id.* at 2-3), though no copy of the warrant appears in the record. On February 18, 2026, ICE issued him a notice to appear charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(ii), charging that his two convictions for criminal facilitation were crimes involving moral turpitude which

did not arise out of a single scheme of criminal misconduct. *Id.* at 6-9. On May 5, 2026, an immigration judge ordered him removed to the Dominican Republic. *Id.* at 10. He appealed that order to the Board of Immigration Appeals, and that appeal remains pending. ECF 10.

Mr. Mejia is currently detained at Miami Correctional Facility. He filed this habeas petition asserting he faces unlawful detention under 8 U.S.C. § 1226(a) because he was arrested without a warrant and has not received a bond hearing. In his response, the warden asserts Mr. Mejia's detention is lawful because he is detained under § 1226(c), not § 1226(a). Mr. Mejia has not filed any reply, and the time for doing so has expired. The court will now rule on Mr. Mejia's habeas petition.

Here, the undisputed facts show Mr. Mejia is being detained under § 1226(c), which provides for mandatory detention without the possibility for release on bond. *See* 8 U.S.C. § 1226(c) (providing that "The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed" two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii)) (emphasis added). Specifically, it is undisputed Mr. Mejia was charged in removal proceedings with being deportable under § 1227(a)(2)(A)(ii) based on his convictions for two crimes involving moral turpitude. Mr. Mejia does not dispute that he is properly detained under § 1226(c), nor does he argue that his convictions for criminal facilitation fail to provide a basis for mandatory detention.

Mr. Mejia asserts he is nevertheless entitled to a bond hearing, but he does not dispute that § 1226(c) provides for mandatory detention without the possibility for

bond, nor does he argue that § 1226(c)'s mandatory detention provision is unconstitutional. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained."). In *Demore*, the Supreme Court took up a due process challenge to § 1226(c) and rejected the habeas petitioner's argument that due process requires an individualized bond hearing for an alien in mandatory detention. 538 U.S. at 523-26, 531. Accordingly, because the record shows Mr. Mejia is subject to mandatory detention under § 1226(c) without the possibility for bond, he has not shown his ongoing detention violates his constitutional rights and there is no reasonable basis for the court to order a bond hearing.

Lastly, Mr. Mejia asserts that his detention is unlawful because immigration officials arrested him without an administrative warrant. The "Encounter Details" indicate he was arrested pursuant to a warrant (ECF 7-1 at 2-3), though no copy of the warrant appears in the record. Regardless, the court need not determine whether his initial arrest complied with the applicable warrant requirements because even an unlawful arrest does not necessarily render an otherwise lawful immigration detention invalid. *Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) ("It is of course possible that the detention might be legal although the arrest was not."); *see also United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (explaining that habeas relief is unavailable based merely on defects in the original arrest where sufficient grounds exist for the

petitioner's present detention); *Yayo v. Warden*, No. 3:26-CV-100-CCB-SJF, 2026 WL 1234840, at *1 (N.D. Ind. May 5, 2026) ("An alleged unlawful arrest does not invalidate a subsequent detention that is otherwise authorized."). Here, the record establishes that Mr. Mejia is subject to mandatory detention under 8 U.S.C. § 1226(c). He does not dispute the respondent's evidence establishing the statutory basis for his detention, nor did he file a reply contesting the respondent's characterization of his custody. Accordingly, even assuming his initial arrest was procedurally defective, he has not shown that his present detention is unauthorized.

For these reasons, the court **DENIES** the petition for a writ of habeas corpus (ECF 2).

SO ORDERED on September 29, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT